UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF JERMAINE COLE, Deceased, by his Personal Representative, Sachet T. Sims, <br><br> Plaintiff, <br><br> v. <br><br> MARION COUNTY SHERIFF, WELLPATH, LLC, UNKNOWN MARION COUNTY SHERIFF EMPLOYEES, and UNKNOWN WELLPATH, LLC EMPLOYEES, <br><br> Defendants. | Case No. 1:20-cv-01254-TWP-TAB |

**ORDER ON DEFENDANT WELLPATH LLC'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendant Wellpath, LLC's ("Wellpath") Motion for Partial Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 14). Plaintiff the Estate of Jermaine Cole, by his Personal Representative Sachet T. Sims, ("the Estate" or "Cole"), initiated this lawsuit to bring claims against Wellpath and co-defendants the Marion County Sheriff, unknown employees of the Marion County Sheriff, and unknown employees of Wellpath, after Cole died while in the custody of the Marion County Sheriff. The Estate asserts a federal claim pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment and a state law claim for negligence and wrongful death. Wellpath filed an Answer to the Complaint, (Filing No. 13), and then moved for partial judgment on the pleadings. For the following reasons, the Motion for Partial Judgment on the Pleadings is **granted**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the

Complaint and draws all inferences in favor of the Estate as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Plaintiff the Estate of Jermaine Cole is administered by Cole's Personal Representative Sachet T. Sims, who is Cole's surviving half-sister. Defendant Wellpath is a for-profit corporation that operates in Indiana and is based out of Tennessee. Wellpath provides medical care to inmates within the Marion County Jail (the "Jail") system. Co-Defendant the Marion County Sheriff ("MCSO") is a political subdivision of the State of Indiana and is responsible for the health care of inmates in the Jail system. Co-defendants Unknown Employees of MCSO and Wellpath were responsible for Cole's health and safety while he was in custody, ([Filing No. 1 at 2](#)–3).

Cole was arrested and taken to the MCSO's receiving and processing facility located in the City-County Building in Indianapolis, Indiana on August 15, 2019. Within an hour of being taken to the Jail, Cole began to show signs of medical distress and asked Wellpath and MCSO employees for medical assistance. Cole repeatedly informed Jail personnel that he could not breathe and needed medical attention. Other inmates at the Jail observed that Cole was in distress, and they requested that Wellpath and MCSO employees assist Cole, but they did not do so. It was obvious that Cole was in distress and needed immediate medical attention, but the Defendants did not provide medical help until it was too late. Cole was unresponsive by the time the Defendants finally called for emergency personnel to assist him. *Id.* at 3.

Tragically, Cole died on the way to the hospital as a result of a cocaine overdose. Cole's death was due to the careless and neglectful actions and inactions as well as deliberate indifference of MCSO and Wellpath and their employees, whose actions and inactions occurred within the scope of their employment with MCSO or Wellpath. MCSO, Wellpath, and their employees were responsible for Cole's medical care while he was in custody at the jail. If the Defendants had

provided care to Cole in a timely manner, his life could have been saved. The actions of Wellpath and its employees were below the standard of care applicable to these health care professionals. The Estate served MCSO with a notice of tort claim under Indiana's Tort Claims Statute. *Id.* at 4.

Based on these factual allegations, the Estate filed this lawsuit to bring a claim for the "actions and inactions of the defendants[, which] demonstrated deliberate indifference to the serious safety and medical needs of Mr. Cole and were in violation of the fourteenth amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983." *Id.* at 5. The Estate also brings a state law claim for the "actions and inactions of the defendants[, which] constituted negligence and resulted in the wrongful death of Jermaine Cole, actionable under Indiana's general wrongful death statute, Indiana Code 34-23-1-1." *Id.* On May 13, 2020, Wellpath filed its Answer to the Complaint, denying liability for the Estate's claims ([Filing No. 13](#)). On that same day, Wellpath moved for partial judgment on the pleadings on the Estate's Fourteenth Amendment Section 1983 claim.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere &*

*Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the Court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

### III. DISCUSSION

In its Motion for Partial Judgment on the Pleadings, Wellpath asks the Court to enter judgment on the federal claim brought by the Estate pursuant to Section 1983. Wellpath notes that it is not moving for judgment on the state law claim for negligence and wrongful death, asserting that the allegations are sufficient to assert that state law claim.

Wellpath asserts that the Estate's Complaint has failed to state any cognizable federal claim against Wellpath under the current state of the law in the Seventh Circuit. The Estate has failed to adequately plead that any harm suffered by Cole was caused by an express policy (or lack thereof) of Wellpath, a widespread practice of Wellpath, or a person with final policymaking authority at

4

Wellpath. As a result, to the extent the Estate tries to bring a *Monell* claim against Wellpath, it has failed to plead such a claim. Instead, the Estate merely has brought a state law negligence claim under the theory of *respondeat superior*. The Estate's claims against Wellpath are based exclusively on the acts or omissions of Wellpath's employees. But *respondeat superior* liability is inapplicable under 42 U.S.C. § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *see also Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) ("a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Wellpath argues that the Estate's Complaint does not even attempt to allege any facts whatsoever that could even remotely support a federal claim against Wellpath. Thus, the Section 1983 claim against Wellpath must be dismissed.

In response, the Estate concedes that "Wellpath is correct that plaintiff is pursuing a §1983 claim against it based on respondeat superior. Currently the law provides that such a theory is not available under §1983 against a private contractor providing essential governmental services." ([Filing No. 19 at 1](Filing No. 19 at 1).) The Estate argues, "*Monell* has been wrongly extended to private corporate contractors under 42 U.S.C. §1983, and that such contractors should be legally responsible under 42 U.S.C. §1983 under the doctrine of respondeat superior". *Id.* at 2. The Estate acknowledges that "[t]his Court is bound by *Iskander* and thus can grant the motion for partial judgment on the pleadings on the respondeat superior basis. Plaintiff presents this argument here to preserve it on appeal." *Id.*

In light of the current state of the law in the Seventh Circuit, which has been acknowledged by the Estate, the Court **grants** Wellpath's Motion on the Section 1983 claim because such a claim is not available on a theory of *respondeat superior*.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wellpath's Motion for Partial Judgment on the Pleadings ([Filing No. 14](#)).  The Estate's federal claim brought against Wellpath pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment is **DISMISSED without prejudice**. The other claims asserted in the Complaint may proceed.

**SO ORDERED.**

Date:  1/22/2021

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com

John P. Young
YOUNG & YOUNG
john@youngandyoungin.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL, P.C.
drew@bleekedilloncrandall.com

Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
anne.harrigan@indy.gov

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com